NOBLE v. SHEARS.

1. APPEAL AND ERROR — TRIAL — CONDUCT OF COUNSEL — CURING ERROR.

   Misconduct on the part of counsel was cured where the trial judge repeatedly stated to the jury that they should pay no attention to what was said, and the incidents complained of cannot be said to have affected the verdict.[1]

2. EXCHANGE OF PROPERTY—FRAUD—TRIAL—INSTRUCTIONS.

   In an action for fraud in an exchange of property, where the charge as given fully protected defendant's right to praise his property and point out its merits, there was no error in refusing requested instructions on said subject.[2]

3. SAME.

   A requested instruction taking from the jury all claimed misrepresentations except those as to the cost and value of the farm sold to plaintiff was properly refused where other material misrepresentations were charged and sustained by proof.[3]

4. TRIAL—INSTRUCTIONS.

   A requested instruction asking the court to specifically point out a bit of testimony drawn out on cross-examination of the adverse party was properly refused.[4]

5. EXCHANGE OF PROPERTY — EVIDENCE — WEIGHT OF EVIDENCE — NEW TRIAL.

   Verdict for plaintiff held, not against the overwhelming weight of the evidence.[5]

Error to Allegan; Cross (Orien S.), J. Submitted January 8, 1925. (Docket No. 47.) Decided April 3, 1925.

Case by Fred I. Noble against Sidney E. Shears for misrepresentation and fraud in the sale of a farm. Judgment for plaintiff. Defendant brings error. Affirmed.

[1]Appeal and Error, 4 C. J. § 2938; Trial, 38 Cyc. p. 1505; [2]Trial, 38 Cyc. p. 1711; [3]Id., 38 Cyc. p 1633; [4]Id., 38 Cyc. pp. 1675, 1677; [5]Exchange of Property, 23 C. J. § 95.

*W. J. Barnard* and *John Bloem,* for appellant.

*Clare E. Hoffman.* for appellee.

FELLOWS, J.    Plaintiff, son of a blacksmith, worked with his father when he was a boy and also learned the carpenter trade.    He had a home at Shelbyville in Allegan county.    He claims that he had but little experience in farming and knew little about farm values.    One Sebright, a real estate dealer at Otsego, had defendant's farm for sale.    Plaintiff claims he saw Sebright, told him of his want of knowledge about farms and said to him that he would have to rely on his, Sebright's, knowledge in such matters; that Sebright called his attention to defendant's farm and told him he could rely on what defendant told him and that as a result of fraudulent representations of defendant and his agent, Sebright, he was induced to enter into an agreement with defendant to buy his farm at $7,500, and personal property at $1,350, deeding his home at Shelbyville to defendant as a payment of $2,000 on the land contract and turning in a second-hand Ford at $150 as part payment for the personal property.    He claims that it was represented to him by defendant and Sebright that defendant shortly before this transaction purchased the farm for $8,500 and it was well worth $7,500 in the market at Kalamazoo and Alamo.    The farm was in fact bought for $5,500, and it is claimed by plaintiff that it is not worth more than that sum in the market; he claims that defendant and Sebright represented to him that defendant would sacrifice $1,000 due to the fact that his son had left him and he was too old to run the farm himself.    He claims that the fertility of the soil was misrepresented to him as was also the amount of crops it had and would produce, and that some of it was not tillable as represented to him; that defendant misrepresented the amount of hay in

the mow and claims that in fact there was but a small layer of hay over bean pods, corn stalks and other coarse stuff.    Other misrepresentations were claimed to have been made and proof was given sustaining the claims.    Defendant and Sebright both deny that any misrepresentations were made.    Shortly after plaintiff moved on the farm, he claims he discovered that he had been defrauded, and, claiming the right to rescind, tendered back what he had received and brought this suit to recover the value of the premises at Shelbyville which he had deeded to defendant. Plaintiff recovered judgment which defendant reviews.

Ten of the assignments of error deal with the conduct of plaintiff's attorney.    The colloquy dealing with these incidents covers many pages of the record and need not be here quoted.    Some of the assignments deal with statements made by the attorney, some with questions asked by him, and with offers of proof.    Some of the incidents were invited or provoked, and it is possible some of the questions asked should have been answered and some of the proof offered should have been received.    We are not satisfied that there was any want of good faith on the part of plaintiff's counsel or that any of the incidents in any way affected the verdict.    The trial judge repeatedly stated to the jury that they should pay no attention to what the attorney said but must be guided solely by the evidence.    In *People* v. *Osborn*, 205 Mich. 531, we pointed out that there were two lines of decisions in this court dealing with the conduct of counsel, one where the conduct was so prejudicial that it could not be cured, and the other where it could be and was cured.    We think these ten assignments of error deal with the latter class.    The trial was a hotly contested one, each side being represented by able and vigorous counsel, and as usually happens under such circumstances, things are said which had better been left unsaid.    The persistent rulings of

the trial judge against plaintiff's counsel and his re-peated statements to the jury that they should pay no attention to what he said and be guided only by the evidence not only cured the claimed errors but doubtless left plaintiff's counsel the worse for the en-counters.

Defendant's counsel assign error on the refusal of the court to give defendant's 8th, 10th, 13th, and 15th requests.    A portion of the 8th request was given.    It is doubtful if even this portion of the re-quest should have been given as it was more favorable to defendant than he was entitled to.    As we have stated defendant denied that he had made any fraudu-lent representations.    He insisted that he had said nothing beyond what a seller has a right to say as trade talk and that he had but stated his honest opinion as to the value of the farm.    The 10th request dealt with this subject.    It was covered by the following instruction of the court:

"You are further instructed that the defendant in this case or any other person having property to sell has the right to praise his property and to point out its good merits and its good parts.

"You are instructed that if you find from the evi-dence in this case that Mr. Shears did no more than praise his property and if what he said was no more than dealing talk, if he only expressed his opinion and made no material false representations, then he cannot be held in this action, and if you so find your verdict must be for the defendant, no cause of action."

The 13th request was properly refused.    It sought to take from the jury all claimed misrepresentations except that the defendant paid $8,500 for the farm and that it was worth $7,500 in the market.    Other material misrepresentations were counted on and proof given to support them.    The 15th request asked the court to specifically point out a bit of testimony drawn out on cross-examination of plaintiff and was

properly refused.    Error is also assigned upon the charge as given.    We think the assignments are without merit.    The charge was an eminently fair one and fully protected the rights of defendant.

Defendant made a motion for a new trial and properly reserved for our consideration the question of whether the verdict was against the overwhelming weight of the evidence.    The claim of defendant's counsel so earnestly pressed that the misconduct of counsel for plaintiff rather than the evidence secured the verdict prompts us to discuss the testimony further than we have already done.    The crucial question in the case, of course, was whether the representations were made.    Defendant and Sebright denied they were.    On this question plaintiff was corroborated by three witnesses; they were members of his family but their testimony was consistent and was not shaken by vigorous cross-examination.    Defendant admits he paid but $5,500 for the farm.    Instead of having a large amount of hay to sell as plaintiff claims it was represented to him he would have, he had scant hay for his own use.    Without detailing further testimony, we think it may be fairly stated that instead of the verdict being against the overwhelming weight of the evidence, it is sustained by the preponderance of the proof.

The judgment will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.